IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID W. GAISBAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1169 |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 16th day of September, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[2]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

---

[1]  Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect this change.

[2]  Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3]   Plaintiff raises two primary arguments in contending that the Administrative Law Judge ("ALJ") erred in finding him to be not disabled. First, he argues that the ALJ failed to adequately consider and weigh the medical opinion evidence in the record, and second that she failed to find that his obesity and right foot pain constituted severe impairments at Step Two of the sequential analysis. He asserts that, as a result of these errors, the residual functional capacity ("RFC") formulated by the ALJ does not account for all of his work-related limitations. The Court disagrees and finds that substantial evidence supports the ALJ's decision.

Plaintiff first asserts that the ALJ had no proper basis for finding the opinion of the state reviewing agent, Dilip S. Kar, M.D. (R. 62-75), to be more persuasive than those of his treating and examining physicians, Mark Rodosky, M.D. (R. 694), and Gregory Habib, D.O. (R. 716-22). Dr. Rodosky, in August of 2016, limited Plaintiff to "light duty with 10 pounds max lifting to waist, 1 pound to shoulder, no overhead use or lifting, no pushing or pulling, no climbing and no repetitive work." (R. 694). While the ALJ did not adopt Dr. Rodosky's restrictions and did not find his opinion to be persuasive, she did discuss it and provide sufficient reasons for weighing this evidence as she did.

The Court first notes that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* § 404.1520c(b) and (c). Here, despite Dr. Rodosky's status as a treating physician, the ALJ found that his opinion had limited record support and that it was not consistent with the other record evidence, including Dr. Rodosky's own treatment notes, which indicated a near full range of motion and very limited weakness, and notes from other medical sources finding normal strength in the bilateral upper extremities. (R. 22).

As for the functional capacity evaluation Plaintiff mistakenly attributes to Dr. Habib, the ALJ actually found it to support her RFC findings. (R. 21-22). As Defendant points out, the opinion that Plaintiff identifies as Dr. Habib's was actually that of Thomas A. Buches, PT, DPT. (The confusion may arise from the fact that Mr. Buches' assessment was addressed to Dr. Habib (R. 716)). In any event, Plaintiff alleges that this assessment was inconsistent with the RFC ultimately formulated by the ALJ, specifically as to his exertional limitations and ability to walk and crawl. However, while Plaintiff alleges that Mr. Buches' assessment limited him to lifting "no more than 18 pounds" (Doc. No. 14 at p. 13), that is not an accurate reading of the evaluation. Mr. Buches found that Plaintiff lifted 18 pounds on average on material handling

activities during the evaluation. (R. 716). Mr. Buches did not find that 18 pounds represented a specific limit, but rather found Plaintiff's limitations on lifting to be consistent with light work, in accord with the ALJ's RFC findings. (R. 722). He likewise found that Plaintiff could stand and walk frequently (R. 722), consistent with light work. *See* S.S.R. 83-10, 1983 WL 31251 (S.S.A.), at \*\*5-6. Moreover, while Mr. Buches discussed that Plaintiff had to stop the crawling test after completing 10 of the 40 feet of the test, his final conclusion was not that Plaintiff was unable to crawl – as Plaintiff asserts – but that he could crawl "occasionally," again consistent with the RFC. (R. 716, 722). Accordingly, the ALJ found Mr. Buches' evaluation to be generally consistent with the RFC, and, as discussed, a fair reading of that opinion supports such a finding. Moreover, although the Plaintiff does not really address the actual opinion from Dr. Habib in the record – that Plaintiff should not use his bilateral shoulders (R. 1064) – the ALJ did discuss this opinion and provided sufficient reasons for finding it to be not persuasive, as such an assessment was inconsistent with the clinical findings showing less severe shoulder limitations. (R. 22).

The ALJ, therefore, properly addressed the opinion evidence at issue. Moreover, it is important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" *Brown v. Astrue*, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

*Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). While an ALJ must consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). Here, the ALJ found persuasive and relied upon the opinion of the state reviewing agent, which clearly supported the RFC. In fact, the ultimate RFC was more restrictive than the opinion of Dr. Kar. Plaintiff suggests that the fact that he changed his alleged onset date from August 4, 2013 to August 22, 2016 subsequent to Dr. Kar's opinion renders that opinion less persuasive. However, Dr. Kar's opinion, which was issued on November 19, 2017, well post-dated the new alleged onset date and indicated that it was a "current evaluation." (R. 71, 73).

To the extent that Dr. Kar's opinion was inconsistent with any other opinions in the record, the ALJ adequately explained why she found it to be more persuasive. Indeed, as discussed, it was largely consistent with Mr. Buches' evaluation of Plaintiff's functional limitations. Further, the ALJ did not simply adopt the restrictions in Dr. Kar's opinion as the RFC, but rather considered that opinion, and the other record evidence, in formulating the RFC, consistent with the regulations and case law.

Plaintiff further argues that the ALJ erred in not finding his obesity and right foot pain to constitute severe impairments at Step Two. However, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019); *Wilson v. Kijakazi*, Civ. No. 20-1357, 2021 WL 3130645, at *2 (W.D. Pa. July 23, 2021). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's obesity and right foot issues to be non-severe.

What matters is whether she properly accounted for Plaintiff's obesity and right foot pain in formulating Plaintiff's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Here, however, the ALJ expressly indicated that she considered all of Plaintiff's impairments, including that those that alone were not severe and including his obesity and right foot issues, in determining the proper RFC. She noted that none of Plaintiff's non-severe conditions resulted in significantly limiting symptoms lasting 12 consecutive months and that they were generally amenable to conservative treatment. (R. 18). The Court also notes that Plaintiff does suggest any specific additional limitations that should have been included in the RFC to account for these conditions,

What Plaintiff is essentially asking the Court to do is to find that Dr. Rodosky's opinion was more persuasive than the other opinions and that the record evidence, as a whole, supports a more restrictive RFC. However, as noted, the ALJ adequately explained why she weighed the evidence as she did, and substantial evidence supports her findings. For the Court to find differently would require it to re-weigh the evidence and draw its own conclusions, which it may not do. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705); *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009) ("The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision.").

Therefore, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 13) is DENIED and that Defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

<u>s/Alan N. Bloch</u><br>
United States District Judge

ecf:		Counsel of record